IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK WILLIAMS,

        Plaintiff,                      No. CIV S-08-2860 KJM P

    vs.

DEPARTMENT OF CORRECTIONS, et al.,

        Defendant.                   ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. On April 7, 2009, the court dismissed the original complaint with leave to file an amended complaint within thirty days of the entry of the order of dismissal. See Docket No. 7. Plaintiff then filed a pleading titled "Complaint." See Docket No. 11. In fact, the text of that filing is a second request for additional time in which to file an amended complaint, along with a motion for the appointment of counsel. On June 23, 2009, plaintiff again requested an extension of time in which to file an amended complaint. See Docket No. 13. The court denied that request, relying on the docket entry that an amended complaint (i.e., the filing containing the second request for additional time) had already been filed. See Docket No. 15. Plaintiff has not communicated with the court since his last request for an extension of time.

/////

Because the filing titled "Complaint" is not, in fact, a complaint within the meaning of the Federal Rules of Civil Procedure, plaintiff has not complied with the court's allowance for an actual pleading that plainly states his claims. However, in an abundance of caution, the court will allow plaintiff a final opportunity in which to file a second amended complaint.

The filing titled "Complaint" also includes a request for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, (1989). In certain exceptional circumstances, however, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1990); Wood v. Housewright, 900 F.2d 1332 (9th Cir. 1990). In this case the court is not sure whether exceptional circumstances exist to support appointment for the life of this case. However, certain of plaintiff's initial allegations raise questions about his ability, on his own, even to articulate his claims intelligibly. Therefore, the court will refer this case to the civil rights panel in this district for the limited purpose of determining whether plaintiff has a cognizable claim under 42 U.S.C. § 1983 and, if there is such a claim, assisting plaintiff in drafting a second amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff is informed that this order does not appoint plaintiff counsel for the duration of this case should it proceed through discovery and to a trial. Once appointed counsel has assisted plaintiff in drafting an amended complaint, counsel will have fulfilled all obligations under this order.

Upon review of the documents on file and good cause appearing therefor, the court finds as follows:

1. Efforts to obtain legal representation without order of this court would be futile;

/////

/////

2. Plaintiff's income is 125 percent or less of the current poverty threshold established by the Office of Management and Budget of the United States and plaintiff is otherwise without resources to obtain counsel;

3. This case is of a type that attorneys in this district ordinarily do not accept without prepayment of a fee;

4. This case is not a fee generating case within the meaning of California Business and Professions Code § 8030.4(g); and

5. This case has sufficient merit to warrant appointment, on a limited basis, as provided by this court's General Order No. 230.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Docket No. 11) is dismissed.

2. This case is referred to the prisoner civil rights pro bono panel administrator, Sujean Park, for appointment of counsel for the limited purpose of responding to this order allowing for the filing of an amended complaint.

3. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: July 7, 2010.

_____
U.S. MAGISTRATE JUDGE

4
will2860.ord