IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK WILLIAMS,

        Plaintiff,                             No. CIV S-08-2860 CKD P

   vs.

DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.                      <u>ORDER</u>

        Plaintiff is a California prisoner. On December 4, 2008, plaintiff consented to have a magistrate judge conduct all proceedings in this case. On August 16, 2010, a magistrate judge previously assigned to this case appointed plaintiff counsel for the limited purpose of assisting plaintiff with the drafting and filing of an amended complaint. The amended complaint was filed on December 13, 2011. Therefore, counsel for plaintiff will be relieved.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his amended complaint, plaintiff seeks damages against the California Department of Corrections and Rehabilitation (CDCR) under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA). With respect to plaintiff's § 1983 claim, CDCR is immune from suit under the Eleventh Amendment. Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam). As for the ADA claim, damages may only be recovered against CDCR upon a showing of intentional discrimination. Plaintiff fails to allege any specific facts which, if found true, amount to intentional discrimination.

1      For these reasons, plaintiff's amended complaint fails to state a claim upon which
2 relief can be granted.  While the court is skeptical that the shortcomings in plaintiff's claims can
3 be cured since the court has already assigned counsel to assist plaintiff in the drafting of his
4 pleadings, the court will grant plaintiff one final opportunity to state a valid claim.

5      Plaintiff is informed as follows as to claims arising under the Eighth Amendment
6 for denial of adequate medical care.  The Eighth Amendment's prohibition of cruel and unusual
7 punishment extends to medical care of prison inmates.  Estelle v. Gamble, 429 U.S. 97, 104-05
8 (1976).  In order to state a section 1983 claim for violation of the Eighth Amendment based on
9 inadequate medical care, a prison inmate must allege a defendant engaged in "acts or omissions
10 sufficiently harmful to evidence deliberate indifference to serious medical needs."  Id. at 106.
11 Again, a proper defendant in an Eighth Amendment denial of medical care claim for damages is,
12 generally speaking, an individual, such as a physician, not the State of California or CDCR.

13      Also, as indicated above, to recover money damages under Title II of the ADA,
14 plaintiff must allege facts indicating he was discriminated against intentionally because of a
15 qualifying disability.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138-39 (9th Cir. 2001).  To
16 state a claim under Title II, plaintiff, generally speaking, would have to allege that because of his
17 disability he was intentionally denied some CDCR program or service, for which he would
18 otherwise be qualified, by a CDCR employee or CDCR policy.  See McGary v. Portland, 386
19 F.3d 1259, 1265 (9th Cir. 2004).

20      In addition to the above, plaintiff is informed that the court cannot refer to a prior
21 pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220
22 requires that an amended complaint be complete in itself without reference to any prior pleading.
23 This is because, as a general rule, an amended complaint supersedes the original complaint.  See
24 Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint,
25 the original pleading no longer serves any function in the case.  Therefore, in a second amended
26 /////

1 | complaint, as in an original complaint, each claim and the involvement of each defendant must
2 | be sufficiently alleged.
3 |      In accordance with the above, IT IS HEREBY ORDERED that:
4 |      1. Robert P. Biegler is relieved as counsel for plaintiff. Plaintiff shall proceed in
5 | this action pro se.
6 |      2. Plaintiff's amended complaint is dismissed.
7 |      3. Plaintiff is granted thirty days from the date of service of this order to file a
8 | second amended complaint that complies with the requirements of the Civil Rights Act, the
9 | Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended
10 | complaint must comply with this order, bear the docket number assigned this case and must be
11 | labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the
12 | second amended complaint. Failure to file a second amended complaint in accordance with this
13 | order will result in dismissal of this action without prejudice.

Dated: February 15, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
will2860.14